# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDITH E. THOMPSON,<br>　　　　　Plaintiff, | )<br>)<br>) |
| v | ) 2:10-cv-1488<br>) |
| UPMC PRESBYTERIAN SHADYSIDE,<br>　　　　　Defendant. | )<br>)<br>) |

## MEMORANDUM ORDER

Now pending before the Court is DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MAY 12, 2012 AFFIDAVIT (Document No. 40), with brief in support. Plaintiff has filed a brief in opposition to the motion, and attached portions of Plaintiff's deposition transcript. The motion is ripe for disposition.

In this case, Plaintiff Edith Thompson alleges that she was terminated from her employment due to race and/or gender discrimination. Defendant ("UPMC") contends that Thompson was fired for a legitimate, non-discriminatory reasons, namely, that she falsified certain record logs and disobeyed a direct order. Plaintiff contends that these reasons were pretextual because her actions were consistent with longstanding practices in the department. Thompson was deposed on January 28, 2012. UPMC has filed a motion for summary judgment, which is pending. On May 12, 2012, Plaintiff prepared an Affidavit (the "May 12 Affidavit") as part of her response in opposition to the summary judgment motion.

In the pending motion, UPMC asks the Court to strike from the record: (1) the May 12 affidavit; (2) each allegation in Plaintiff's counter-statement of facts that relies on the affidavit; and (3) corresponding references in Plaintiff's brief in opposition to summary judgment. Defendant's motion to strike raises three specific challenges to the May 12 Affidavit, which will be addressed seriatim.

First, UPMC moves to strike a hearsay statement in ¶ 5: "Ms. Houser informed me that Ms. Kleinschnitz had instructed her to back fill a log in the patient holding area." Plaintiff recognizes that this statement is, indeed, hearsay. Nevertheless, Plaintiff contends that it may be considered by the Court in ruling on the summary judgment motion because the evidence will be presented in an admissible form at trial through Ms. Houser's testimony. The Court agrees with Plaintiff. *See Williams v. Borough of West Chester*, 891 F.2d 458, 466 n. 12 (3d Cir.1989) ("hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present that evidence through direct testimony, i.e. 'in a form that would be admissible at trial.'")

Second, UPMC moves to strike references to a refrigerator log and "crash cart" log pursuant to Fed. R. Evid. 403 on the ground that the danger of unfair prejudice outweighs the probative value. Plaintiff contends that the references to the other logs are probative, in that they involved the same mock audit that led to Thompson's termination and involved the same decision-makers. It is clear that the issue of falsifying log records is central to this case. At this stage, we must give all reasonable inferences to the non-moving party. Accordingly, the Court will not strike these references from the record.

Finally, UPMC contends that there is an alleged contradiction between the May 12 Affidavit and Thompson's deposition testimony. During the deposition Thompson was asked: "Is it your testimony that you can't remember any employees at Presbyterian [and/or Shadyside] who backfilled logs?" Thompson answered: "Correct, yes." As a followup question, Thompson was asked: "The only people you can surely remember that backfilled logs were Richard Doptis, Judith Page – at this time?" Thompson answered: "Yes." In the May 12 Affidavit, Thompson averred that Ms. Cumi Houser had been instructed to backfill a log sometime in 2009. The

Affidavit further explained: "I did not testify to these facts during my deposition because, although I identified Ms. Houser, I was asked no further questions about her." Plaintiff contends that there is no direct conflict between the deposition and affidavit. Plaintiff, in addition, argues that there is independent evidence in the record referring to Ms. Houser. *See* Deposition at 10.

The Court agrees with Plaintiff. In *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 254 (3d Cir. 2007), the Court of Appeals for the Third Circuit explained that it uses a flexible approach, such that not all apparent contradictions justify striking an affidavit as a "sham." There is no irreconcilable conflict between the deposition testimony and affidavit. It is possible that during the stress of a long deposition Thompson could not remember names, but afterwards was able to do so. Apparently, Thompson had referenced Ms. Houser in her journal. In addition, her Interrogatory Responses, which had been prepared three weeks prior to the deposition, had referenced a similar incident (albeit without naming Houser). In sum, the Court is unwilling to conclude based on this record that Thompson's affidavit should be stricken.

In accordance with the foregoing, DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MAY 12, 2012 AFFIDAVIT (Document No. 40) is **DENIED**.

SO ORDERED this 26th day of June, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Kelly Scanlon Graham, Esquire**
Email: ksgraham5@verizon.net
**Joel S. Sansone, Esquire**
Email: joelsansone03@msn.com
**James F. Glunt, Esquire**
Email: jay.glunt@ogletreedeakins.com
**Philip K. Kontul, Esquire**
Email: philip.kontul@ODNSS.com